THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC SANDERS, #Y50409,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-02834-GCS |
| | ) |
| **RUSSELL L. WILLIAMS,** | ) |
| **SGT. SULLIVAN, IDOC,** | ) |
| **SHAWNEE CORRECTIONAL** | ) |
| **FACILITY, and PLACEMENT** | ) |
| **OFFICER,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Eric Sanders, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff claims he was attacked by another inmate at Shawnee Correctional Center. He sues those prison officials who allegedly violated the Eighth Amendment when they failed to protect him from the attack. *Id*.

The Complaint is subject to review under 28 U.S.C. § 1915A.[1] The Court is required to screen prisoner complaints and dismiss claims that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. *See*

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a magistrate judge (Doc. 2) and the limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

28 U.S.C. § 1915A(a)-(b). At this juncture, the factual allegations are liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff transferred to Shawnee Correctional Center ("Shawnee") between March 15-21, 2023. (Doc. 1, p. 15). The victim of his attempted murder, Inmate Jalen Frank, was also housed there. When he learned this, Plaintiff notified staff, including Sergeant Sullivan, that he should be kept away from Inmate Frank. *Id*. at p. 11, 15. Sergeant Sullivan told him that it "would be handled," but nothing happened. *Id*. Inmate Frank repeatedly threatened to inflict bodily harm on Plaintiff, who reported the threats to prison officials. The officials, however, did nothing.

On October 22, 2022, Plaintiff was moved to Housing Unit 3B. When he reached the officers' desk, he notified Officer Russell Williams that Inmate Frank was also housed there. (Doc. 1, p. 11, 15). Plaintiff explained that he was not supposed to be around this inmate for safety reasons. The officer, however, took no action to address the issue. When Plaintiff entered the new wing, Inmate Frank violently attacked Plaintiff from behind and caused him great bodily harm. *Id*.

## PRELIMINARY DISMISSALS

Plaintiff identifies the following defendants in the Complaint and sets forth no allegations against them: IDOC, Shawnee Correctional Facility, and Placement Officer. If a plaintiff fails to include the name of a defendant in his statement of claim or make any allegations against that defendant, that party cannot be said to have notice of which claims, if any, are directed against the defendant. *See* FED. R. CIV. PROC. 8(a)(2). Merely

invoking the name of a potential defendant is not enough to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendants IDOC, Shawnee Correctional Facility, and Placement Officer shall be dismissed from this action.

## DISCUSSION

Turning to the allegations, the Court finds it convenient to designate the following count in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim against Defendants Sullivan and Williams for failing to protect Plaintiff from the serious risk of bodily harm caused by his placement in the same wing with Inmate Frank at Shawnee on or around October 22, 2022.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

The Eighth Amendment prohibits the cruel and unusual punishment of convicted persons. *See* U.S. CONST. Amend VIII. A prison official violates the Eighth Amendment when he knows of and recklessly disregards an excessive risk to an inmate's safety. *See Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)). An Eighth Amendment failure-to-protect claim consists of an objective and a subjective component. *Id*. First, the harm to which an inmate is exposed must be an objectively serious one. Second, the defendant must have "actual, and not merely constructive, knowledge of the risk" that serious harm exists, and the defendant must also draw that inference. *Id*.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff's allegations successfully articulate Eighth Amendment claims against Defendants Sullivan and Williams. Plaintiff informed both defendants that the victim of his attempted murder posed a serious threat to his safety and that he should not be near him. Plaintiff also reported actual threats of bodily harm made by the inmate just before his attack. According to the allegations, neither defendant took action to address Plaintiff's safety concerns. At this stage, Count 1 shall proceed against both defendants.

### DISPOSITION

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against **SERGEANT SULLIVAN** and **RUSSELL L. WILLIAMS**, in an individual capacity. However, **IDOC, SHAWNEE CORRECTIONAL FACILITY,** and **PLACEMENT OFFICER** are **DISMISSED** without prejudice from this action because no claim is stated against these defendants.

With regard to Counts 1 and 2, the Clerk of Court shall prepare for Defendants **SULLIVAN** and **WILLIAMS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants Sullivan and Williams are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants should only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

IT IS SO ORDERED.

DATED:  December 18, 2023.

Digitally signed by
Judge Sison
Date: 2023.12.18
09:51:01 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

NOTICE

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint.  After service has been achieved, the defendants will each enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more.  When the defendants have answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before both defendants' counsel file an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**